# United States District Court
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN MARKHAM,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSEPH E. RUSSELL, JR.; DEBRA L. RUSSELL; KNOWN HEIRS of JOSEPH E. RUSSELL; KNOWN HEIRS of DEBRA L. RUSSELL; THE UNITED STATES OF AMERICA, ex rel. INTERNAL REVENUE SERVICE; THE STATE OF OKLAHOMA, ex rel. OKLAHOMA TAX COMMISSION; THE CITY OF TULSA; TULSA COUNTY TREASURER,<br><br>        Defendants. | Case No. 23-cv-00420-JFJ |

### DEFENDANT TULSA COUNTY TREASURER'S REPLY BRIEF IN SUPPORT OF MOTION TO VACATE ORDER TO HOLD FUNDS (DOC. 3-3)

COMES NOW Defendant Tulsa County Treasurer, John M. Fothergill ("Treasurer"), and in reply to the Response Briefs filed by the United States and Oklahoma Tax Commission, submits the following Reply Brief in support of Treasurer's Motion to Vacate Order to Hold Funds ("Motion to Vacate") originally filed in state court. Plaintiff no longer opposes the Treasurer's Motion to Vacate, and the other two parties appearing in this action, the United States and the Oklahoma Tax Commission, have both requested the state court's Order to Hold Funds be vacated. Because there is no opposition, the Court should enter an Order vacating the state court's Order to Hold Funds (Doc. 3, p. 4).

I.
INTRODUCTION

Joseph and Debra Russell failed to pay their real estate taxes for three straight years which resulted in the Treasurer selling their Property[1] for payment of delinquent taxes. *See* 68 O.S. § 3105; Petition to Quiet Title ("Petition"), ¶¶ 1-4, Doc. 3, pp. 5-6. The Treasurer's annual tax resale is <u>not</u> a judicial sale. It is conducted pursuant to state statute. *See* 68 O.S. § 3105; *Payne v. Jones*, 1944 OK 86, ¶ 13, 46 P.2d 113, 118 (district court without power to enjoin county treasurer from selling property at annual tax resale). Plaintiff acknowledges that "the [s]ale of the subject [P]roperty was conducted by the Tulsa County Treasurer in accordance with the Oklahoma Statutes." Petition, ¶ 3, Doc. 3, p. 5. Although Plaintiff complains that "[t]he Tulsa County Treasurer failed to notify [the IRS and OTC] of the sale," *id*., at ¶ 9, both the United States and Oklahoma Tax Commission admit they were not entitled to notice under the applicable statute.[2]

Plaintiff purchased the Property at the Treasurer's annual tax resale in June 2023, and he paid a sum of money in excess of the taxes owed which resulted in "excess proceeds" from the sale. *See* 68 O.S. § 3131; Application to Hold Funds, ¶ 4, Doc. 3, p. 3.

**Oklahoma's Legislature has expressly directed the Treasurer how to administer such excess proceeds**:

> When any tract or lot of land sells for more than the taxes, penalties, interest and cost due thereon, the excess shall be held in a separate fund for the record owner of such land, as shown by the county records as of the date the county resale begins, to be withdrawn any time within one (1) year. No assignment of this right to excess proceeds shall be valid which occurs on or after the date on which the

---

[1] Lot Sixteen (16), Block Seven (7) Magic Circle Addition, an addition in Tulsa County, Oklahoma according to the recorded plat thereof (the "Property").

[2] *See* United States' Response Brief, p. 4, Doc. 22; Oklahoma Tax Commission Response Brief, p. 3, Doc. 23.

> county resale began.  At the end of one (1) year, if such money has not been withdrawn or collected from the county, it shall be credited to the county resale property fund [68 O.S. § 3137].

68 O.S. § 3131(C).  After he purchased the Property, Plaintiff filed a quiet title action in state court.  *See* Petition, Doc. 3, p. 5.

Despite the Oklahoma Legislature's statutory directive quoted above, and the Treasurer's constitutionally granted executive power and sworn duty to uphold the constitution and laws of both the United States and the State of Oklahoma, Plaintiff drafted, sought and obtained an order from the state court *ex parte* prohibiting the Treasurer from administering the excess proceeds pursuant to the Legislature's directive without "further order of this court."  Order to Hold Funds, Doc. 3, p. 4.  Plaintiff's Application to Hold Funds functioned, and should be construed, as an Application without notice to the adverse party for a Temporary Restraining Order.  *See* Application to Hold Funds ("Application"), Doc. 3, p. 2.  On September 5, 2023, the Treasurer filed a Motion to Vacate Order to Hold Funds ("Motion to Vacate").  *See* Motion to Vacate, Doc. 3-3.

Shortly thereafter, the United States removed this quiet title action to federal court.  *See* Notice of Removal, Doc. 1.  The United States articulated the following grounds for removal:

> This Notice of Removal is proper under 28 U.S.C. §§ 1441(a), 1442(a)(1), and 2410(a)(5).  If the United States or any agency thereof is named a defendant in a state court action that relates to tax collection,[3] the United States can remove the action to federal district court. See 28 U.S.C. § 1442(a)(1).  Moreover, the federal district court has subject matter jurisdiction over interpleader actions that involve real property subject to federal tax liens. *See* 28 U.S.C. § 2410(a)(5). Because this Court has jurisdiction over the interpleader action,[4] removal is also proper under 28 U.S.C. § 1441(a).

Notice of Removal, p. 2, Doc. 1.  The parties cannot consent to federal jurisdiction.

---

[3] An action to quiet title to real estate does not relate to tax collection.

[4] This is not an interpleader action.

Plaintiff has acknowledged before this Court that "Plaintiff's intent was to keep the funds from being paid out prior to the entry in the case of the IRS and the Oklahoma Tax Commission."  Joint Status Report, p. 2, Section III, last sentence, Doc. 14.  Of course, Plaintiff had no right to assert claims to the excess proceeds on behalf of the IRS or the OTC.[5]  *See Guardian Tax SC, LLC v. Day*, 554 F.Supp.3d 785, 794 (D. S.C. 2020) (purchaser at resale had no right to assert claim to excess proceeds on behalf of the IRS, which had filed a Notice of Federal Tax Lien).  Now that the IRS and OTC have entered their appearances, Plaintiff no longer opposes the Treasurer's Motion to Vacate Order to Hold Funds.  *See* Joint Status Report, p. 2, Section III, penultimate sentence, Doc. 14.  At the Scheduling Conference, counsel for the Plaintiff announced that "Plaintiff does not object to the motion to vacate and does not desire to respond."  Minute Sheet, Doc. 21.  Nevertheless, this Court granted the United States and the Oklahoma Tax Commission leave to file responses to the Motion to Vacate.  *Id*.

Both the United States and the Oklahoma Tax Commission have confessed Treasurer's Motion to Vacate Order to Hold Funds in their response briefs.  They both request this Court to vacate the state court Order to Hold Funds.  *See* United States' Response Brief, p. 7, Doc. 22; Oklahoma Tax Commission's Response Brief, p. 3, Doc. 23.  The United States repeats several times in its response: "The United States agrees that the state court's Order to Hold Funds should be vacated." United States' Response Brief, pp. 1, 3-4, 7, Doc. 22.  The United States' prayer for relief begins: "In conclusion, the United States requests that the Order to Hold Funds be vacated …."  *Id*. at p. 7.  In similar fashion, the Oklahoma Tax Commission requests this Court to "vacate any order to hold funds in this action."  Oklahoma Tax Commission's Response Brief, p. 3, Doc. 23.

---

[5] Nor could such claims legally exist; neither was the record owner of the Property at the time of sale.

While both the United States and the Oklahoma Tax Commission request further relief (without citation to legal authority) in their response briefs, **the only matter at issue** is the Treasurer's Motion to Vacate Order to Hold Funds.  If in response to another party's motion, a responding party seeks an order substantially different from an order denying the requested relief, that party is required to file its own motion seeking its own relief.  *See* Fed.R.Civ.P. 7(b)(1) ("A request for a court order must be made by motion").  Arguments asserted in response to a motion are generally not considered requests for an order. *See Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir.1989) (request for leave to amend asserted in response to a motion to dismiss did "not rise to the status of a motion" because it was "not an application for an order contemplated under the rules").  Different legal requirements, procedural rules and standards of review apply to motions and response briefs, and the rights of the adverse party also differ with respect to responding to a motion and replying to a response brief.  One is not the other.

## II.
## ARGUMENT AND AUTHORITY

Because none of the parties entering an appearance in this action oppose the relief requested, and the Order to Hold Funds was entered without notice and opportunity to be heard being given to the Treasurer, and in violation of Oklahoma Statutes governing temporary restraining orders being issued without notice, and in violation of the separation of powers doctrine by which the Treasurer must be permitted to perform the statutory duties of his executive office free from judicial control, and because this Court lacks jurisdiction to administer in the first instance excess proceeds received at the Treasurer's annual tax resale – a matter exclusively within the Treasurer's jurisdiction – the state court's Order to Hold Funds should be vacated.

Plaintiff's Application to Hold Funds was in the nature of an application for temporary restraining order without notice, but it failed to set forth any facts of immediate and irreparable injury, the few facts it did articulate were unsworn, and it failed to certify why the order should be issued without notice.  *See* Application, Doc. 3, p. 2.  Plaintiff's Application to Hold Funds failed to satisfy the procedural requirements to obtain a temporary restraining order without notice to the adverse party:

> A temporary restraining order may be granted without written or oral notice to the adverse party or the attorney for the adverse party ***only if***:
>
> 1. it clearly appears from specific facts shown by affidavit or by the verified petition that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or the attorney for the adverse party can be heard in opposition; or
>
> 2. the attorney for the applicant certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required; and the court determines that the efforts of the applicant to give notice, if any, were reasonable under the circumstances.

12 O.S. § 1384.1(B) (emphasis added).  *See also* Application, Doc. 3, p. 2

Moreover, the Order to Hold Funds, which the Plaintiff drafted, sought and obtained *ex parte* from the state court is neither endorsed with the date and hour of issuance nor does it define the injury and state why it is irreparable and why the order was granted without notice.  *See* Order to Hold Funds, Doc. 3, p. 4.  The Order completely fails to satisfy the statutory requirements for a temporary restraining order issued without notice to the adverse party:

> Every temporary restraining order granted without notice:
>
> 1. shall be endorsed with the date and hour of issuance; [and]
>
> …
>
> 3. shall define the injury and state why it is irreparable and why the order was granted without notice.

12 O.S. § 1384.1(C).  *See also* Order to Hold Funds, Doc. 3, p. 4.

Neither the state court nor this Court has jurisdiction to administer the excess proceeds received by the Treasurer at his annual tax resale. The legislature has expressly dictated how the proceeds are to be administered,[6] and has delegated this task to the county treasurer. "**The courts may not enjoin a public officer from performing any official act that he is by law required to perform**." *Payne v. Jones*, 1944 OK 86, ¶ 13, 46 P.2d 113, 118 (district court without power to enjoin county treasurer from selling property at annual tax resale). "The powers of government are divided into separate departments—Legislative, Executive, and Judicial. They are separate and distinct, and except as constitutionally provided, neither shall exercise the powers properly belonging to either of the others." *City of Bethany v. District Court of Oklahoma County*, 1948 OK 38, ¶ 16, 191 P.2d 187, 189. *See also State of Mississippi v. Johnson*, 71 U.S. 475, 500 (1866) ("'The Congress is the legislative department of the government; the President is the executive department. Neither can be restrained in its action by the judicial department; though the acts of both, when performed, are, in proper cases, subject to its cognizance.").

Both the United States and the Oklahoma Tax Commission suggest this Court should also order the Treasurer to interplead the excess proceeds into the Court. *See* United States' Response Brief, p. 7, Doc. 22; Oklahoma Tax Commission's Response Brief, p. 3, Doc. 23. However, neither the IRS nor OTC cite to any authority that would support "forced interpleader" of another party's funds, and such a procedure is certainly not authorized by the Oklahoma Pleading Code or the Federal Rules of Civil Procedure. Such a procedure, if permitted, would surely become the rage among aggressive plaintiffs and their lawyers.

---

[6] *See* 68 O.S. § 3131. The "resale property fund" referenced in § 3131(C) is found in § 3137.

If Joseph and Debra Russell are deceased, it is the policy of the Tulsa County Treasurer, within one (1) year from the date of resale, to permit the heirs of the record owner to withdraw or collect the record owner's excess proceeds by signing and subscribing under oath their right to the excess proceeds on an Excess Resale Proceeds Claim form(s) after first demonstrating to the Treasurer's satisfaction that they are legally entitled to make such a claim.  Regarding an heir's entitlement to make such a claim, in addition to proof of the record owner's death, proof of the claimant's relationship to the record owner and proof of identity, the Treasurer also requires either a Small Estate Affidavit (58 O.S. § 393) or a lawful Order from the Probate Court. Creditors of the decedents may initiate the probate, and, under the right circumstances, the duly appointed personal representative or administrator of the decedents' estate would be the proper party to file a claim with the Treasurer for the excess proceeds.[7]

WHEREFORE, for all the reasons set forth above, not the least of which is that no one entering an appearance in this case objects to the relief requested, Treasurer respectfully requests this Court to enter an Order Vacating the state court's Order to Hold funds (Doc. 3, p. 4).[8]

---

[7] Oklahoma's statutes pertaining to excess proceeds are not intended to disturb the preexisting tax liens of other government agencies.  The United States Supreme Court has ruled that the transfer of property subsequent to the attachment of a federal tax lien does not affect the lien, for it is of the very nature and essence of a lien that, no matter whose hands the property goes, it passes *cum onere*, i.e., subject to the lien. *Bess v. United States*, 357 U.S. 51, 57 (1958); *see also Lapp v. United States*, 316 F. Supp. 386, 391 (S.D. Fla. 1970).  The same is true for the Oklahoma Tax Commission's Tax Warrant; purchase of the property at tax resale does not affect the lien. *See Moss v. Goff*, 1956 OK 52, ¶¶ 14-15, 295 P.2d 795, 800 (under state law, purchaser at county tax resale took the property subject to existing statutory lien).  No one has cited any authority whatsoever that the federal or state tax liens are, at the very same time they attach to the property, also attached to and valid as against the excess proceeds being held by the Treasurer for administration pursuant to legislative decree.  But that issue is for another court another day.

[8] Upon entry of such an order, this Court undoubtedly lacks jurisdiction over the Plaintiff's remaining quiet title action.

Respectfully submitted,

/s/ Douglas A. Wilson
Douglas A. Wilson
Assistant District Attorney
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 933
Tulsa, OK  74119
(918) 596-8795
douglas.wilson@tulsacounty.org

ATTORNEY FOR DEFENDANT TULSA COUNTY TREASURER, JOHN M. FOTHERGILL, in his official capacity

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on January 2, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Caroline Guerra Wolf
Erika Tecua
Joseph Arthur McCormick
Lorena Massey

/s/ Douglas A. Wilson
Douglas A. Wilson